**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4113**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

JESUS MORALES GARCIA,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District
Judge.  (9:14-cr-00477-SB-1)

———————

Submitted:  July 30, 2015          Decided:  September 11, 2015

———————

Before KING and GREGORY, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  Michael Rhett DeHart, Assistant
United States Attorney, Charleston, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Morales Garcia pled guilty to illegal reentry of a removed felon, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012), and was sentenced to 30 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 when it accepted Garcia's guilty plea and whether Garcia's sentence is reasonable. Although notified of his right to do so, Garcia has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

Because Garcia did not move in the district court to withdraw his plea, we review the guilty plea hearing for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Garcia must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013); United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden of demonstrating that an error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the Rule 11 error. United States v. Davila, 133 S. Ct. 2139, 2147 (2013).

2

Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Garcia's guilty plea. Any omissions by the district court did not affect Garcia's substantial rights. See United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009). Because Garcia has failed to show that the district court's acceptance of his guilty plea warrants reversal, we affirm his conviction.

Garcia also questioned the reasonableness of his 30-month sentence. When reviewing a sentence for reasonableness, we apply "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We first examine the district court's sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id.; see also United States v. Strieper, 666 F.3d 288, 292 ("[W]e review the court's factual findings for clear error, its legal conclusions de novo.").

If we find no significant procedural error, we then review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). The sentence

3

imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a sentence within or below the Sentencing Guidelines range is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). An appellant can rebut that presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

We conclude that the district court satisfied the procedural requirements by correctly calculating Garcia's Guidelines range; considering the arguments of Garcia's counsel, Garcia's allocution, and the § 3553(a) factors; and providing an individualized assessment fully grounded in those factors. As to substantive reasonableness, we conclude that Garcia has failed to rebut the presumption of reasonableness accorded to his below-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Garcia's conviction and sentence. This court requires that counsel inform Garcia, in writing, of the right to petition the Supreme Court of the United States for further review. If Garcia requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

4

representation.  Counsel's motion must state that a copy thereof was served on Garcia.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED